HZ

Peter R. Jarvis, OSB No. 761868
Judith Parker, OSB No. 064618
HINSHAW & CULBERTSON LLP
1000 SW Broadway, Suite 1250
Portland, OR 97205-3000
Telephone: 503-243-3243
Facsimile: 503-243-3240
pjarvis@hinshawlaw.com
jparker@hinshawlaw.com
*Of Attorneys for Plaintiffs*

FILED 26 MAY '11 15:31 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DG COGEN PARTNERS, LLC**, a Delaware company, and **1211658 ALBERTA LTD**, a Canadian corporation,

Plaintiffs,

vs.

**LANE POWELL PC**, a Washington corporation, and **JONATHAN NORLING**,

Defendants.

Case No: CV '11 - 642 -HZ

**COMPLAINT FOR LEGAL NEGLIGENCE AND BREACH OF FIDUCIARY DUTY, AND DEMAND FOR JURY TRIAL**

Plaintiffs allege as follows:

**THE PARTIES, JURISDICTION AND VENUE**

1.

Plaintiff DG Cogen Partners, LLC ("DG Cogen") is a limited liability corporation, organized and existing under the laws of the state of Delaware, with its former principal place of business in San Luis Obispo, California. DG Cogen was in the business of installing and



HINSHAW & CULBERTSON LLP
1000 SW Broadway
Suite 1250
Portland, OR 97205-3000
Telephone: 503-243-3243
Facsimile: 503-243-3240
130098743v5 0896813 69769

#40702

providing energy efficient cogeneration systems. DG Cogen is no longer operational but has not been dissolved.

2.

Plaintiff 1211658 Alberta LTD ("Alberta") is a foreign corporation. Its principal place of business is in Edmonton, Alberta, Canada. On or about December 31, 2005, Alberta purchased the interests of DG Cogen's former lender. On or about March 27, 2006, Alberta purchased 100% of the equity of DG Cogen. Alberta is the sole member of DG Cogen.

3.

Defendant Lane Powell PC ("Lane Powell"), is a law firm with its principal place of business in Washington State and with offices and substantial operations in Oregon.

4.

Defendant Jonathan Norling ("Norling") is an attorney licensed in Oregon and California and a resident of Oregon. For most if not all of the period at issue in this complaint, Norling practiced law at and was a shareholder of Lane Powell.

5.

Norling and Lane Powell represented Plaintiffs at all material times.

6.

The amount in controversy exceeds $75,000. This Court has jurisdiction of this matter pursuant to 28 USC § 1332 and has venue of this matter pursuant to 28 USC §1391 since most if not all of the legal services at issue were provided from Oregon.



HINSHAW & CULBERTSON LLP
1000 SW Broadway
Suite 1250
Portland, OR 97205-3000
Telephone: 503-243-3243
Facsimile: 503-243-3240

**BACKGROUND FACTS**

7.

From March 2006 through August 2008, Defendants represented and advised Plaintiffs on matters including but not limited to an arbitration (the "Arbitration") between DG Cogen and Hess Micgrogen Services, Inc. ("Services"), that concerned a Long Term Service Agreement (the "LTSA") executed in 2004 by DG Cogen and Services. Defendants also represented and advised Plaintiffs on other questions including but not limited to Plaintiffs' legal relationship with other Hess entities, including but not limited to Hess Microgen, LLC ("Microgen").

8.

In 2000, Microgen sold millions of dollars of cogeneration equipment to a company named RealEnergy to be used in the establishment and operation of electric power cogeneration facilities in California using environmentally friendly natural gas as a fuel.

9.

In June and July 2004, DG Cogen considered purchasing the assets of the RealEnergy cogeneration business in California, including the equipment that RealEnergy had purchased from Microgen. In order to induce DG Cogen to purchase the Microgen equipment from RealEnergy, Microgen represented and warranted to DG Cogen that the Microgen equipment contained "rich burn" engines, would meet DG Cogen's expectations and needs and would operate in accordance with specification sheets provided by Microgen to DG Cogen at the time. To Microgen's knowledge, its equipment had no potential value to DG Cogen other than as a part of the cogeneration facilities that DG Cogen might purchase from RealEnergy.



HINSHAW & CULBERTSON LLP
1000 SW Broadway
Suite 1250
Portland, OR 97205-3000
Telephone: 503-243-3243
Facsimile: 503-243-3240

10.

DG Cogen foreseeably and reasonably relied upon Microgen's representations and warranties when it purchased the RealEnergy cogeneration business on or about July 23, 2004. Also at that time, and again in foreseeable and reasonable reliance upon Microgen's representations and warranties, DG Cogen entered into the LTSA with Services—an agreement under which Services was to operate and repair the Microgen equipment as needed.

11.

Even working together, Services and Microgen were thereafter unable to make the Microgen equipment perform as represented and warranted. Nonetheless, they continuously attempted repairs and stated to DG Cogen through July 2005 that the equipment would be made to comply with all representations and warranties. In July 2005, however, Services announced that it would no longer assist DG Cogen, and it became clear that Microgen would also make no further efforts to cause the equipment to comply with its representations and warranties.

12.

In order to resolve disputes concerning their respective rights and obligations under the LTSA, Services filed the Arbitration against DG Cogen on March 3, 2006.

13.

As a part of Defendants' representation of Plaintiffs in connection with the Arbitration with Services, Defendants discussed with Plaintiffs not only the claims that did or could arise or be pursued under the LTSA and in the Arbitration but also claims that could be pursued outside of the LTSA or the Arbitration and against Microgen or others.



HINSHAW & CULBERTSON LLP
1000 SW Broadway
Suite 1250
Portland, OR 97205-3000
Telephone: 503-243-3243
Facsimile: 503-243-3240

**DEFENDANTS' NEGLIGENCE**

14.

Without express or implied authority to do so, without informing Plaintiffs that they were doing so, and in violation of their duties of reasonable care and their fiduciary duties as counsel for Plaintiffs, Defendants caused or allowed Plaintiffs to commit themselves to an unreasonably unfavorable release of all potential claims against Services, Microgen or any other Hess entity as a part of a settlement of claims arising under the LTSA that was unreasonably favorable to Services, Microgen and Hess. If Defendants had not breached these duties to Plaintiffs, the LTSA settlement to which Defendants committed Plaintiffs would not have occurred.

15.

Believing that they were not foreclosed from doing so, Plaintiffs hired the prestigious international law firm of King & Spalding to sue Microgen and another company. A copy of the complaint filed by King & Spalding on July 8, 2008 is attached hereto as Exhibit A. If Plaintiffs had been able to pursue that case to conclusion, they would have recovered many millions of dollars in damages plus prejudgment and post-judgment interest.

16.

As a direct and proximate result of Defendants' breaches of duty, Services and Microgen were able to obtain an order in the Arbitration that prohibited pursuit of the King & Spalding complaint against Microgen. Plaintiffs were therefore unable to pursue the claims in King & Spalding complaint.



HINSHAW & CULBERTSON LLP
1000 SW Broadway
Suite 1250
Portland, OR 97205-3000
Telephone: 503-243-3243
Facsimile: 503-243-3240

## PLAINTIFFS' CONSEQUENT DAMAGES

17.

As a result of Defendants' breaches, Plaintiffs have suffered many millions of dollars in damages that they would otherwise have been able to recover under or in consequence of the King & Spalding complaint, plus prejudgment and post-judgment interest. Plaintiffs also spent funds to work with Services and Microgen in their failed attempts to make the equipment operate as represented and warranted. Plaintiffs were also forced to hire King & Spalding in an unsuccessful attempt to defeat the motion by Services and Microgen to impose the unauthorized and improvident settlement of all claims on Plaintiffs. Plaintiffs will specify the amount and nature of their damages prior to trial including, where applicable, prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants for damages in an amount to be specified prior to trial, for available court costs and fees, for any available prejudgment or post-judgment interest, and for such other and further relief as the jury or the Court deems appropriate.

DATED this 26th day of May, 2011.

HINSHAW & CULBERTSON LLP

By: ______________________________
Peter R. Jarvis, OSB No. 761868
Judith Parker, OSB No. 064618
*Of Attorneys for Plaintiffs*



HINSHAW & CULBERTSON LLP
1000 SW Broadway
Suite 1250
Portland, OR 97205-3000
Telephone: 503-243-3243
Facsimile: 503-243-3240

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that I filed the foregoing **COMPLAINT FOR LEGAL NEGLIGENCE AND BREACH OF FIDUCIARY DUTY, AND DEMAND FOR JURY TRIAL,** and **PLAINTIFFS' CORPORATE DISCLOSURE STATEMENT** on May 26, 2011, by causing the originals to be hand delivered to:

Office of the Clerk
Mark O. Hatfield United States Courthouse
1000 Southwest Third Avenue
Portland, Oregon 97204-2930

I further certify that I served true and correct copies of **COMPLAINT FOR LEGAL NEGLIGENCE AND BREACH OF FIDUCIARY DUTY, AND DEMAND FOR JURY TRIAL,** and **PLAINTIFFS' CORPORATE DISCLOSURE STATEMENT** on May 26, 2011, via hand delivery and First Class Mail to the following:

Joseph Arellano
Kennedy Watts Arellano & Ricks LLP
1211 S.W. 5th Ave. Ste. 2850
Portland, Oregon 97207

DATED this 26th day of May, 2011.

Peter R. Jarvis, OSB No. 761868
Judith Parker, OSB No. 064618
*Of Attorneys for Plaintiffs*